# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

| | |
|---|---|
| Dustin McAllister, and Michelle O'Laire, on behalf of themselves and all others similarly situated, | Civil Action No. 1:18-cv-00094-WCG |
| Plaintiffs, | **ANSWER** |
| v. | |
| CKS Financial, LLC, a Virginia limited liability company; WEBCOLLEX, LLC, Virginia limited liability company; and, John and Jane Does Numbers 1 through 25, | |
| Defendants. | |

Defendants CKS Financial, LLC ("CKS") and Webcollex, LLC ("Webcollex") (collectively "Defendants") for their Answer to Plaintiffs' Amended Complaint (the "Complaint"), state and allege as follows:

1. Except as hereinafter admitted, qualified, or otherwise answered, Defendants deny each and every allegation contained in Plaintiffs' Complaint.

2. In response to Paragraphs 1-2 of Plaintiffs' Complaint, Defendants admit only that Plaintiffs assert claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and deny the remaining allegations contained therein. Defendants state that to the extent the allegations constitute legal conclusions, no response is required. To the extent a response is required, Defendants deny.

3. In response to Paragraph 3-5 of Plaintiffs' Complaint, Plaintiffs purport to paraphrase, quote, or otherwise summarize the congressional history and text of the

FDCPA and case law interpreting the Act. Defendants state that the FDCPA, its congressional history, and the case law speak for themselves, and Defendants deny any characterization or statement inconsistent therewith. Defendants state that to the extent the allegations constitute legal conclusions, no response is required. To the extent a response is required, Defendants deny.

4. In response to Paragraph 6 of Plaintiffs' Complaint, Defendants admit only that Plaintiffs assert claims under the FDCPA, and deny the remaining allegations contained therein. Defendants state that to the extent the allegations constitute legal conclusions, no response is required. To the extent a response is required, Defendants deny.

5. In response to Paragraph 7 of Plaintiffs' Complaint, Defendants, upon information and belief, admit.

6. In response to Paragraph 8 of Plaintiffs' Complaint, Defendants lack sufficient information or knowledge to admit or deny the allegations contained therein, and accordingly deny the same.

7. In response to Paragraph 9 of Plaintiffs' Complaint, Defendants, upon information and belief, admit.

8. In response to Paragraph 10 of Plaintiffs' Complaint, Defendants lack sufficient information or knowledge to admit or deny the allegations contained therein, and accordingly deny the same.

9. In response to Paragraphs 11-15 of Plaintiffs' Complaint, Defendants admit.

10. In response to Paragraph 16 of Plaintiffs' Complaint, Defendants lack sufficient information or knowledge to admit or deny the allegations contained therein, and accordingly deny the same.

11. In response to Paragraph 17 of Plaintiffs' Complaint, Defendants lack sufficient information or knowledge to admit or deny the allegations contained therein, and accordingly deny the same. Defendants further state that by asserting this averment "on the advice of counsel" Plaintiffs have made their attorneys fact witnesses in this case. Moreover, any privilege that may have existed between Plaintiffs and their counsel as to the contents of this averment is now waived.

12. In response to Paragraphs 18-21 of Plaintiffs' Complaint, Defendants state the averments contained therein constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny.

13. In response to Paragraph 22 of Plaintiffs' Complaint, Defendants deny that Defendants "transact[] business" in Wisconsin. *See* Wis. Stats. § 180.1501(2)(a), (h). Defendants further state that they are exempt from any asserted registration requirement. *See* Wis. Stats. § 218.04(2)(a)-(b). Moreover, Defendants are both registered with the Virginia Secretary of State's Office. Defendants further state that by asserting this averment "on the advice of counsel" Plaintiffs have made their attorneys fact witnesses in this case. Moreover, any privilege that may have existed between Plaintiffs and their counsel as to the contents of this averment is now waived.

14. In response to Paragraph 23 of Plaintiffs' Complaint, Defendants state the averments contained therein constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny.

15. In response to Paragraph 24 of Plaintiffs' Complaint, Defendants lack sufficient information or knowledge to admit or deny the allegations contained therein, and accordingly deny the same.

16. In response to Paragraphs 25-26 of Plaintiffs' Complaint, Plaintiffs purport to attach a copy of correspondence between Defendants and Plaintiff McAllister. Defendants state that the correspondence speaks for itself and Defendants deny any characterization or statement about the correspondence inconsistent therewith.

17. In response to Paragraphs 27-28 of Plaintiffs' Complaint, Defendants state the averments contained therein constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny.

18. In response to Paragraph 29 of Plaintiffs' Complaint, Defendants lack sufficient information or knowledge to admit or deny the allegations contained therein, and accordingly deny the same. Defendants further state that by asserting this averment "on the advice of counsel" Plaintiffs have made their attorneys fact witnesses in this case. Moreover, any privilege that may have existed between Plaintiffs and their counsel as to the contents of this averment is now waived.

19. In response to Paragraphs 30-33 of Plaintiffs' Complaint, Defendants deny. Defendants further state that by asserting these averments "on the advice of counsel" Plaintiffs have made their attorneys fact witnesses in this case. Moreover, any privilege

that may have existed between Plaintiffs and their counsel as to the contents of these averments is now waived.

20. In response to Paragraph 34 of Plaintiffs' Complaint, Defendants deny.

21. In response to Paragraph 35 of Plaintiffs' Complaint, Defendants lack sufficient information or knowledge to admit or deny the allegations contained therein, and accordingly deny the same.

22. In response to Paragraphs 36-37 of Plaintiffs' Complaint, Plaintiffs purport to attach a copy of correspondence between Defendants and Plaintiff O'Laire. Defendants state that the correspondence speaks for itself and Defendants deny any characterization or statement about the correspondence inconsistent therewith.

23. In response to Paragraphs 38-39 of Plaintiffs' Complaint, Defendants state the averments contained therein constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny.

24. In response to Paragraph 40 of Plaintiffs' Complaint, Defendants lack sufficient information or knowledge to admit or deny the allegations contained therein, and accordingly deny the same. Defendants further state that by asserting this averment "on the advice of counsel" Plaintiffs have made their attorneys fact witnesses in this case. Moreover, any privilege that may have existed between Plaintiffs and their counsel as to the contents of this averment is now waived.

25. In response to Paragraphs 41-44 of Plaintiffs' Complaint, Defendants deny. Defendants further state that by asserting these averments "on the advice of counsel" Plaintiffs have made their attorneys fact witnesses in this case. Moreover, any privilege

that may have existed between Plaintiffs and their counsel as to the contents of these averments is now waived.

26. In response to Paragraph 45 of Plaintiffs' Complaint, Defendants deny.

27. In response to Paragraphs 46-47 of Plaintiffs' Complaint, Defendants deny.

28. In response to Paragraphs 48-50 of Plaintiffs' Complaint, Defendants admit that Plaintiffs attempt to bring this action on a class basis, but deny that Defendants engaged in any conduct inconsistent with the FDCPA. Defendants further deny that Plaintiffs' attempted claims are suitable for class treatment.

29. In response to Paragraphs 51-55 of Plaintiffs' Complaint, Defendants deny.

30. In response to Paragraph 56 of Plaintiffs' Complaint, Defendants deny, including each of the paragraph's subparts. Defendants further state that by asserting this averment "on the advice of counsel" Plaintiffs have made their attorneys fact witnesses in this case. Moreover, any privilege that may have existed between Plaintiffs and their counsel as to the contents of this averment is now waived.

31. In response to Paragraph 57 of Plaintiffs' Complaint, Defendants deny.

32. In response to Paragraph 58 of Plaintiffs' Complaint, Defendants deny that Plaintiffs would be entitled at a later stage of this litigation to "modify" their attempted class definitions, attempted class claims, the asserted class period, or otherwise change any issue asserted in the Complaint. Defendants further state that Plaintiffs are already in possession of the information they allege would be necessary for them to make any such "modification"—i.e., "Defendant's disclosure of class size and net worth.").

33. Defendants reassert and reallege each of the preceding paragraphs, and incorporates them by reference as though stated fully herein.

34. In response to Paragraphs 60-65 of Plaintiffs' Complaint, Defendants state the averments contained therein constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny.

35. In response to Paragraph 66 of Plaintiffs' Complaint, Defendants deny.

36. In response to Paragraphs 67-70 of Plaintiffs' Complaint, Defendants state the averments contained therein constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny.

37. In response to Paragraph 71 of Plaintiffs' Complaint, Defendants deny.

38. In response to Plaintiffs' "WHEREFORE" clause, Defendants deny the same, including each of its subparts.

39. In response to Plaintiffs' request for trial by jury, Defendants deny Plaintiffs are entitled to such trial because Plaintiffs have no viable claims under the FDCPA or any other law in this matter that would give rise to liability on Defendants' part to Plaintiffs.

40. Defendants state that Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

41. Defendants state that Plaintiffs have not suffered any alleged actual damages.

42. Defendants state that Plaintiffs lack Article III standing to prosecute this action for lack of a concrete injury-in-fact.

43. Defendants state that Plaintiffs' alleged claims may be barred by the applicable statute of limitations.

44. Defendants state that this matter is not suitable for certification under Fed. R. Civ. P. 23 *et seq*.

45. Defendants state that any violation of the FDCPA, which Defendants deny, resulted from an unintentional, good-faith error notwithstanding Defendants' maintenance of procedures reasonably adapted to avoid any such error.

46. Defendants reserve their right to allege other defenses as discovery and investigation proceed.

47. **WHEREFORE**, Defendants CKS Financial, LLC and Webcollex, LLC pray that Plaintiffs take nothing by their asserted claims, that the lawsuit be dismissed with prejudice and on the merits, and that Defendants be awarded their attorneys' fees, costs, disbursements, and any other relief the Court deems just and proper.

**BASSFORD REMELE**
*A Professional Association*

Dated: March 6, 2018   By s/Patrick D. Newman
Michael A. Klutho (WI # 1038353)
Patrick D. Newman (WI #1093942)
100 South Fifth Street, Suite 1500
Minneapolis, Minnesota 55402-3707
Phone: (612) 333-3000
Fax: (612) 333-8829
Email: mklutho@bassford.com
pnewman@bassford.com

*Attorneys for CKS Financial, LLC and Webcollex, LLC*